IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 2:15cr160 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL JALMAR ZEIGLER, | ) | |
| | ) | |
| Defendant. | ) | |

## POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The United States of America, through its attorneys, Dana J. Boente, United States Attorney, Joseph E. DePadilla and Andrew Bosse, Assistant United States Attorneys, and John F. Butler, Special Assistant United States Attorney, hereby submits its position with respect to the defendant's sentencing factors. In the Presentence Investigation Report (PSR) prepared in this matter, the United States Probation Office determined the applicable guidelines range to be a mandatory minimum term of 35 years' imprisonment: 120 months' on Count 3, and 300 months' on Count 12, to run consecutively. PSR ¶ 129. Because the charges to which the defendant pleaded guilty were violations of 18 U.S.C. § 924(c)(1)(A)(iii) and 18 U.S.C. § 924(c)(1)(A)(ii), respectively, the guidelines range is equal to the mandatory minimum sentence required by the statute, and a Total Offense Level is not calculated. PSR ¶¶ 39, 45; U.S.S.G. § 2K2.4(b). The Probation Office calculated a Criminal History Category of V. In accordance with Section 6A1.2 of the Sentencing Guidelines Manual and this Court's policy regarding sentencing, the United States represents that it has reviewed the PSR and consulted with the Probation Office and with defense counsel. The government does not dispute any of the sentencing factors set forth in the PSR or the guidelines range calculation.

1

For the reasons outlined below and in its other filings, the United States respectfully submits that the sentence listed in the government's sentencing papers, and no less, would be sufficient but not greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a).

**I.     Background**

On December 16, 2015, the defendant and his co-defendant, Arthur Demerill Santiful ("Santiful"), were indicted on fourteen counts related to a series of armed robberies. The defendant was charged with Counts 1-13: Conspiracy to Interfere with Commerce by Means of Robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); Interference with Commerce by Means of Robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Counts 2, 4-11, 13), and Using, Carrying, and Discharging (Count 3), and Using, Carrying, and Brandishing (Count 12) a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 924(c)(1)(A)(ii), and 2 (Counts 3 and 12, respectively). Docket No. 1. On February 26, 2016, the defendant pleaded guilty to Counts 3 and 12. Docket Nos. 33-38.

On September 7, 2016, Santiful proceeded to trial. Docket No. 87. After a four-day trial, during which the defendant testified,[1] the jury convicted Santiful on all counts. Docket No. 92.

The defendant is scheduled to appear before this Court for sentencing on December 16, 2016, at 9:00 a.m.

**II.    Position on Sentencing and Argument**

"[I]n imposing a sentence after *Booker*, the district court must engage in a multi-step process. First, the court must correctly determine, after making appropriate findings of fact, the applicable guideline range." *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006). "Next, the court must 'determine whether a sentence within that range serves the factors set forth

---

[1] Please reference the government's complete sentencing papers for a description of the defendant's testimony and related matters.

in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors.'" *Id.* (quoting *United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006)). In making this determination,

> a sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need "to reflect the seriousness of the offense," provide "just punishment," "afford adequate deterrence," "protect the public," and "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

*United States v. Hampton*, 441 F.3d 284, 287 (4th Cir. 2006) (quoting 18 U.S.C. § 3553(a)).

  A) <u>Nature and Circumstances of the Offense</u>

The nature and circumstances of the offense are exceptionally serious. Starting on August 21, 2015, the defendant and Santiful embarked on a six-week crime spree during which they robbed, at gunpoint, eight convenience stores, a hotel, and a pizza delivery driver. Santiful was armed in each of the robberies while the defendant held a weapon during some of them. With the exception of the delivery driver and hotel robberies, the men had a clear modus operandi: the defendant would typically "case" the target store; later at night, the men would cover their faces, and Santiful would walk in first, gun drawn. The defendant would follow, go behind the register, and demand Newport cigarettes while Santiful stole cash from the registers.

The Court has had the benefit of hearing at trial about each robbery from at least one of its victims, and so the government will not recount all of them in detail here. Suffice to say that the robberies were, for many of the victims, life-changing. Santiful shot at the pizza delivery driver *after the robbery was completed*. The clerk at the hotel robbery feared for her life and that she would be the victim of sexual violence when the robbers told her to go into a back room. One victim had a gun racked in her face, and another had the barrel of Santiful's gun pushed into

3

his forehead. Santiful pistol-whipped a different female clerk. While Santiful was guilty of the most egregious acts of violence, the defendant was right there with him. He was armed at times; he was often the closest of the two robbers to the victim clerks; and he patted down at least one clerk in an effort to get her phone as well as the cash from the store. In addition to that, the Court heard, in the audio recording taken with the surveillance video at the final robbery, that it was the defendant who was screaming at the clerks to drop money from the safe. The Court heard the fear in their voices both on that videotape and on the witness stand. The defendant engaged in violence and witnessed his partner engage in even more serious violence. But he never backed down or bowed out—he continued to help Santiful commit robbery after robbery.

Short of just a few other crimes, armed robbery is one of the most *violative* crimes charged in federal court. The defendant and Santiful worked together to victimize clerk after clerk—people who were working late at night, for low pay, only to end up with a gun stuck in their face. The men did not commit the crime once, realize it was a horrible thing to do that paid very little, and call it quits. They committed the crime over and over again, sometimes twice in a night. It was only the fortuitous timing and brave actions of a Virginia Beach K9 officer and his partner that helped put an end to their string of violence. The defendant and Santiful stopped robbing stores only because they were caught. They gave no indication at all that the cycle of violence was going to end without the intervention of the police.

      B)      <u>History and Characteristics of the Defendant</u>

The defendant is 27 years old. He had a difficult—even an extraordinarily difficult—upbringing. He was reportedly dropped, shaken, or otherwise maltreated in early youth, and several professionals have opined that that early head trauma and what followed it—including a stint in foster care and a group home—affected the defendant profoundly and may underlie the

battery of psychological problems he has experienced throughout his life, including those discussed in the sealed filing by defense counsel. It is appropriate for the Court to take those factors into consideration.

Even considering all of the challenges the defendant has faced, though, it is important to note that they do not begin to explain away either the conduct for which he is being sentenced or his extensive criminal history. As the defendant acknowledged at trial and to the probation officer, he knew right from wrong, and he knew that what he was doing was wrong. He willingly took an active role in the crimes that led to these convictions. Even before doing so, he had a long history of non-compliance with the law.

Though only 27, the defendant has convictions for a number of crimes going back to age 13. It is noteworthy that he garnered a Criminal History Category of V even though many of his crimes were committed while he was a juvenile. The defendant's crimes include prior acts of violence, theft, and weapons possession—the same underlying conduct as the instant offenses. As a juvenile, he was adjudicated on multiple charges of assault, disorderly conduct, resisting arrest, and assault and battery, along with grand larceny, possession of marijuana, and possession of a sawed-off shotgun. PSR ¶¶ 60-68. As an adult, the defendant was convicted of assault and battery of a family member and a separate assault and battery, both with the same young woman as the victim; in one of the assaults, he punched the woman so hard that she fell and hit her head on the stairs. PSR ¶¶ 71-73. The defendant sustained his third adult conviction for assaulting and battering a woman in 2013. PSR ¶ 75. His record is littered with lesser offenses and probation violations, as well as with a number of other law enforcement contacts that led to charges but not convictions—for sexual battery, assault (x3), assault and battery (x3), possession of heroin, cocaine, and marijuana, and breaking and entering. Whatever other problems the

defendant has experienced in his life, his record makes clear that he has a significant history of beating women and being unable to comply with the basic requirements of the law, even while under court supervision. The government contends that his record and the circumstances surrounding the new convictions require a sentence that, if it does nothing else, will incapacitate the defendant from hurting more people while he is incarcerated and will specifically deter him from doing so upon release. Multiple short-term periods of incarceration did nothing to deter him.

      C.      Other Relevant Factors

The government submits that the three other most important sentencing factors are the need to promote respect for the law—respect that has been completely absent—to provide a punishment commensurate with the seriousness of the offense, and to ensure that the defendant has access to the mental health care he will require if he is to live peacefully after release from incarceration.

**III.**    **Conclusion**

Taking into account all the Section 3553(a) factors and all of the relevant factors listed in the government's sentencing papers, the government respectfully submits that a sentence passed in accordance with its described sentencing position is appropriate and not greater than necessary to reflect the seriousness of this case, promote respect for the law, and afford specific deterrence to this defendant.

                                          Respectfully submitted,

                                          Dana J. Boente
                                          United States Attorney

By:    /s/
       Joseph E. DePadilla
       Andrew Bosse
       Assistant United States Attorneys
       John F. Butler
       Special Assistant United States Attorney
       Attorneys for the United States
       United States Attorney's Office
       101 West Main Street, Suite 8000
       Norfolk, VA 23510
       Office Number: 757-441-6331
       Facsimile Number: 757-441-6689
       joe.depadilla@usdoj.gov
       andrew.bosse@usdoj.gov
       john.f.butler@usdoj.gov

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 9th day of December, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record, including:

>Richard S. Yarow, Esq.
>524 Middle Street
>Portsmouth, Virginia 23704
>Office Number: 757-337-3963
>
>*Attorney for Defendant Michael Jalmar Zeigler*

      I HEREBY CERTIFY that on this 9th day of December, 2016, I sent by electronic mail a true and correct copy of the foregoing to the following:

>Darryl A. Upshur
>U.S. Probation Officer
>600 Granby Street, Suite 200
>Norfolk, Virginia 23510

>      /s/
>John F. Butler
>Special Assistant United States Attorney
>Attorney for the United States
>United States Attorney's Office
>101 West Main Street, Suite 8000
>Norfolk, VA 23510
>Office Number: 757-441-6331
>Facsimile Number: 757-441-6689
>john.f.depadilla@usdoj.gov