IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:12CR160 |
| | ) | |
| MICHAEL JALMAR ZEIGLER | ) | |
| | ) | |

**POSITION WITH RESPECT TO GOVERNMENT'S (5K) MOTION AND POSITION ON SENTENCING FACTORS**

NOW COMES the Defendant Michael Zeigler (the "Defendant"), by counsel, pursuant to § 6A1.2 of the *Sentencing Guidelines and Policy Statements* and the Court's sentencing procedures order, and files his position on the sentencing factors set forth in 18 U.S.C. § 3553(a). The Defendant does not have any objections to the PSR. For the reasons outlined below, the Defendant submits that a sentence of 120 months is sufficient, but not greater than necessary, to satisfy the statutory considerations set forth in 18 U.S.C. § 3553(a). In support of his position, the Defendant states as follows:

**PROCEDURAL HISTORY**

The Defendant concurs with the summary of the procedural history stated by the government in its background of the case in its "Position Paper." The Defendant offered his complete cooperation at the trial of his co-Defendant, Arthur Santiful, which resulted in a conviction. In return, the Government filed a motion pursuant to § 5K1.1 and 18 U.S.C. § 3553(e). This has now given the Court discretion to meaningfully consider a fair sentence in

accordance with the factors of 18 U.S.C. § 3553(a). Specifically, the Court is no longer bound by the mandatory minimum sentences of 18 U.S.C. § 924(c)(1)(A)(ii).

## **ARGUMENT**

In determining an appropriate sentence for the Defendant, the Court is required to consider (1) nature and circumstances of the offense and the history and characteristics of the Defendant; (2) the need for the sentence imposed taking into consideration the seriousness of the offense, the need to promote respect for the law, the need to provide just punishment, the need to afford adequate deterrence, and to protect the public from further crimes by the Defendant and rehabilitation of the Defendant; (3) the kinds of available sentences; (4) the Sentencing Guidelines; (5) the Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities among similarly situated defendants; and (7) the need for restitution. 18 U.S.C. § 3553(a).

**Mr. Zeigler's history and characteristics as they relate to the sentencing factors:**

As reported both in the presentence report and in Dr. Stejskal's report ("Report"), Michael Zeigler suffered a brain injury at the hands of his stepfather at eight (8) months old. A CT scan of his brain found hemorrhagic injuries consistent with brain trauma. After receiving medical care for his sustained injuries he was discharged to foster care. Michael, at age three (3) years returned to his mother's care after his abuser and his mom divorced.

Although Michael reached developmental milestones on time, he showed signs of behavioral over-activity. He was evaluated and treated for Attention Deficit Hyperactivity

Disorder, which as Dr. Stejskal reports, can mimic the symptoms of a neurobehavioral syndrome, such as to make them indistinguishable. (*See Report*).

Predictably, Michael continued to exhibit behavioral problems. When he was seven (7) years old, he was admitted for inpatient treatment. As Dr. Stejskal states:

> In February 1997, Mr. Zeigler (then 7 years and 8 months) was admitted for inpatient psychiatric treatment following a civil commitment proceeding that was initiated because of his suicidal and homicidal thinking, as well as his violent outbursts in the school. He presented on admission as sad and depressed. Physical examination revealed *Macrocephaly* (unusually large head), and an MRI of the brain revealed significant left-hemisphere atrophy (generalized decreased brain volume, or shrinkage, of the left hemisphere) that was attributed to the brain injury at age 8 months. Neurological examination revealed left hemisphere deficits. His behavior on the unit was stable, and he was calm and cooperative with his treatment providers. His attending physician felt that Mr. Zeigler's brain injury likely predisposed him both to the behavioral problems that he had been exhibiting, and to the depression that had become so prominent. He was discharged home after 12 days with a diagnosis of *Organic Brain Syndrome*, and with a plan for follow-up care with the local mental health center. He continued to receive special education services at school, and was receiving disability benefits. Between 1997 and 2000, Mr. Zeigler's behavioral and emotional problems worsened.

(*Report p. 4.*)

Over the years, Michael has suffered additional head injuries and describes episodes that suggest the existence of an occult seizure disorder. (*Report p. 3*). In any event, it is clear that he suffers from a neurobehavioral syndrome brought about as a direct result of the abuse he suffered as a child. And which is clearly not his fault. This condition has rendered Mr. Zeigler very impressionable, easily led and easily manipulated. This condition has been missed by many of his therapists who have seen the more common symptoms of ADHD.

Mr. Zeigler has pled guilty and has testified at Mr. Santiful's trial. We now know that it was Mr. Santiful who assaulted the Pizza Hut driver and stole his watch; who fired a handgun at the pizza driver; that pointed a gun at the quality Inn employee; pointed a gun at the many 7-Eleven convenience store employees; and who struck a 7-Eleven employee on the head with a firearm and threatened to kill her. Every act of violence described in the statement of facts, the presentence report, and revealed at trial, was committed by Mr. Santiful and not Mr. Zeigler. Mr. Zeigler himself never carried an actual firearm, but rather a BB gun.

3

When caught red-handed, Mr. Zeigler immediately confessed. He has pleaded guilty and accepted responsibility for his conduct. However, it is clear his conduct was influenced by Mr. Santiful in very forceful ways.

**The appropriate sentence:**

In order for the Court to impose a meaningful sentence upon Mr. Zeigler it must carefully consider his history of abuse resulting in brain trauma injury, terrible childhood, criminal history, participation in the events leading up to his conviction and his conduct after his arrest and subsequent trial of his co-defendant Santiful . The Court should take into account his organic brain injury which has led to his neurobehavioral syndrome. The Court should take into account his extreme suggestibility. And most of all, the Court can take into account his extraordinary acceptance of responsibility and courage in standing up in open court and telling the truth. This courage should be measured with up with appropriate consideration towards his brain injury. And it should also be measured against the repeated threats that Mr. Zeigler has received from Mr. Santiful, direct and indirect.

In a similar case, the Court sentenced Christopher Lakeith Williams to 10 years in prison. Mr. Williams committed fewer crimes, but acted more in the capacity of a leader. Mr. Williams does not appear that he suffered from organic brain syndrome. We believe a similar disposition is appropriate to avoid an unwarranted disparity, promote respect for the law and provide a just punishment to afford an adequate deterrence to those contemplating committing future similar crimes. The court should consider adopting Dr. Stejskal's additional recommendations including a complete neurological evaluation for Mr. Zeigler. Given the courage that Mr. Zeigler has exhibited, the court can have some confidence that with the appropriate treatment and support, Mr. Zeigler can come through this dark episode of his life with a reasonably bright future.

## CONCLUSION

For the reasons set forth above, the Defendant, by counsel, respectfully requests that the Court sentence the Defendant to a term of incarceration of 120 months.

                MICHAEL JALMAR ZEIGLER

By:        /S/
Richard S. Yarow, Esq.
Va. State Bar No. 37807
Counsel for the Defendant
RICHARD S. YAROW, LLC
524 Middle Street
Portsmouth, VA 23704
(757) 337-3963 *Telephone*
(757) 686-0180 *Facsimile*
Richard_Yarow@yahoo.com

## CERTIFICATE OF SERVICE

I certify that on the 12th day of December, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following counsel of record and faxed a copy to Darryl A. Upshur, Probation Officer.

Joseph DePadilla
Assistant United States Attorney

Andrew Bosse
Assistant United States Attorney

John Butler
Assistant United States Attorney

United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Phone: 757-441-6331
Fax: 757-441-6689
Joe.depadilla@usdoj.gov
Andrew.bosse@usdoj.gov
John.butler@usdoj.gov

                    MICHAEL JALMAR ZEIGLER

By:         /S/        
      Richard S. Yarow, Esq.
      Va. State Bar No. 37807
      Counsel for the Defendant
      RICHARD S. YAROW, LLC
      524 Middle Street
      Portsmouth, VA 23704
      (757) 337-3963 *Telephone*
      (757) 686-0180 *Facsimile*
      Richard_Yarow@yahoo.com