IN THE UNITED STATES DISTRICT COURT FOR
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA

      v.                                 CRIMINAL NO.: 2:15cr160

ARTHUR DEMERILL SANTIFUL,

         Defendant.

## DEFENDANT'S POSITION WITH RESPECT
## TO SENTENCING FACTORS

COMES NOW the Defendant, Arthur Demerill Santiful, by counsel, pursuant to Section 6A1.2 of the Sentencing Guidelines and Policy Statements and the standing Order of this Court, and hereby submits this Position with Respect to Sentencing Factors.   The Defendant and counsel have reviewed the Presentence Report prepared on December 6, 2016 and the Addendum filed on December 27, 2016 (the "PSR") and have no unresolved objections to the advisory sentencing guidelines calculation.   We do have several objections/corrections to facts in the PSR.

## OBJECTIONS/CORRECTIONS TO FACTS IN PSR

1.    **Paragraph 162**.  It should be noted that these charges are on appeal to the Court of Appeals of Virginia.

2.    **Paragraph 188.**  Mr. Santiful has been affected by his father's absence. It has affected him greatly over the years.

3.    **Paragraph's 194 and 195.**  Defense counsel sought records from Norfolk Psychiatric Hospital, now Kempsville Center for Behavioral Health, Kempsville Road, Norfolk, VA.  Counsel was advised that while they do show that Mr. Santiful was treated there in the past, since it was more than 10 years ago, they do not have the treatment dates and the records have been destroyed (see attached letter dated December 20, 2016). Defense counsel also requested records from the Department of Juvenile Justice and was advised that those records had also been destroyed (see attached letter dated October 19, 2016).

4.      **Paragraph 197.**  Mr. Santiful does feel that he is in need of substance abuse treatment.

### Argument

Mr. Santiful chose to challenge the constitutionality of the police interrogation conducted upon his arrest.  His Motion to Suppress (Document No. 46) was heard by the Court on June 6, 2016 (Document No. 65).  The Court entered an Order on June 13, 2016 denying Mr. Santiful's Motion to Suppress (Document No. 66).   He then chose to continue in his plea of not guilty and proceed to a jury trial.  A four day jury trial was held from September 7, 2016 through September 12, 2016.   Mr. Santiful chose not to testify during the trial.  The jury returned a verdict of guilty on all counts.  The matter is now before the Court for sentencing.

A penitentiary sentence no greater than the mandatory minimums followed by supervised probation, substance abuse treatment, and a full mental health assessment would promote respect for the law, reflect the seriousness of the offense, provide just punishment, afford an adequate deterrence and protect the public from further crimes.

The attached letters from his parents, show that Mr. Santiful struggled his whole life with the absence of his father, the lack of a male role model,  substance abuse and mental health issues.   His father ended his brief relationship with his mother after she became pregnant with Mr. Santiful and his father was never a part of his life.  His mother often worked two or three jobs at a time to make ends meet and to maintain a household for her son.  His mother feels that the lack of a positive male role model also negatively affected his development.  Since he has been incarcerated, Mr. Santiful has spoken with his father and is only now coming to grips with the impact his father's

absence had on him over the years.   This is evident by his not wanting to admit to the probation officer the significant impact of his father's absence.

Mr. Santiful has never been married; however, he has three young children, ages 6, 3 and 2, born as a result of a relationship with Raven Williams.  He and Ms. Williams had been together for 8 years.  Prior to his custody for the instant offense, they all resided together even though it was often with relatives or at different hotels.  Mr. Santiful did endeavor to provide for their immediate needs and over time Ms. Williams advises that he developed a good relationship with his children.  Mr. Santiful would like to be able to continue to provide for his children and be present in their lives.

Mr. Santiful also struggled with mental health issues growing up.  His mental health issues began in elementary school when he wrote a suicide note and was treated at a psychiatric center for approximately one month.  After his release, he did not continue with medication but did receive therapy for six to seven months.  In middle school, Mr. Santiful was prescribed Ritalin; however, he only took it one time.  His mother reports that she pushed for his hospitalization when he was eleven years old due to behavioral issues and Mr. Santiful's report that he began hearing voices in his head.  Despite these issues, Mr. Santiful did obtain his GED diploma.

Mr. Santiful reports abusing substances since he was a teenager.  He began drinking alcohol at age 14 or 15 and as a young adult, drank to the point of intoxication when he was not working.  He began smoking marijuana when he was 25 years old, smoked 1/4 of an ounce per week and last smoked marijuana in September 2015.  He reports that he began using Percocet, Xanax and "Molly" a few times per week prior to incarceration for the instant offense.  Upon reflection, while in jail, Mr. Santiful has

realized his need for substance abuse treatment and his need for mental health assessment and counseling.

The court is no longer required to impose a sentence within the range calculated under the provisions of the United States Sentencing Guidelines. *See United States v. Booker*, 125 S. Ct. 738 (2005).   The court is now required to impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

Section 18 U.S.C. 3553 states that to meet the goals of sentencing, "The court shall impose a sentence sufficient but not greater than necessary...".  The Court must impose the least restrictive sentence.   In *Gall v. United States*, 552 U.S. 38, 47 (2007), the United States Supreme Court rejected "... an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range" and also rejected "... the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence."   The *Gall* court citing to the decision in *Koon v. United States*, 518 U.S. 81, (1996), recognized the difficult task that faces a sentencing court to view each case and each defendant on an individual basis.  "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall*, supra at 52.

In this case, the guidelines range is greater than necessary to accomplish the goals of 18 U.S.C. §3553(a)(2).  A sentence to no more than the mandatory minimum

-4-

sentence, followed by supervised release with substance abuse treatment and a mental health assessment and counseling would be sufficient but not greater than necessary to accomplish the sentencing purposes of 18 U.S.C. §3553.   A sentence of no more than the mandatory minimum is a significant sentence.    This sentence takes into account the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offenses (to promote respect for the law and provide just punishment), protect the public from further crimes of the defendant, provide the defendant with educational and correctional treatment and the need to avoid unwarranted sentence disparities.

### Attachments

1.      Letter from Santiful's Mother, Carolyn Biles.

2.      Letter from Santiful's Father, Arthur T. Brown, Jr.

3.      Letter from Kempsville Center for Behavioral Health.

4.      Letter from Department of Juvenile Justice.


        WHEREFORE, Mr. Santiful prays that the Court sentence him to a total sentence, on all counts, of no more than the mandatory minimum sentences required for Counts 3 and 12.

                                    /s/
                        Melinda R. Glaubke, Esquire
                        Virginia Bar Number: 31691
                        Attorney for Defendant,
                          Arthur D. Santiful
                        Slipow, Robusto & Kellam, P.C.
                        2476 Nimmo Parkway, Suite 121
                        Virginia Beach, VA  23456
                        (757) 427-5094
                        (757)427-1727 Fax
                        mglaubke@srklawfirm.com

CERTIFICATE OF SERVICE


I hereby certify that on the  5th  day of January, 2017, I emailed a copy of the foregoing to Darryl A. Upshur, United States Probation Officer and electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all attorneys of record including the following:


Joseph E. Depadilla, Esquire
Andrew C. Bosse, Esquire
John F. Butler, Esquire
United States Attorney's Office
101 W Main Street
Suite 8000
Norfolk, VA 23510
(757) 441-6331
Joe.depadilla@usdoj.gov
andrew.bosse@usdoj.gov
john.f.butler@usdoj.gov


                                 _____/s/_____
                                 Melinda R. Glaubke, Esquire
                                 Virginia Bar Number: 31691
                                 Attorney for Defendant,
                                   Arthur D. Santiful
                                 Slipow, Robusto & Kellam, P.C.
                                 2476 Nimmo Parkway, Suite 121
                                 Virginia Beach, VA  23456
                                 (757) 427-5094
                                 (757)427-1727 Fax
                                 mglaubke@srklawfirm.com